PLEASE CONFORM

TUCKER ELLIS LLP
MOLLIE F. BENEDICT SBN 187084
mollie.benedict@tuckerellis.com
JOSHUA J. WES SBN 238541
joshua.wes@tuckerellis.com
LAUREN H. BRAGIN SBN 286414
lauren.bragin@tuckerellis.com
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071-2223
Telephone: 213.430.3400
Facsimile: 213.430.3409

Attorneys for Defendants
ETHICON, INC., ETHICON LLC, and
JOHNSON & JOHNSON

FILED
CLERK, U.S. DISTRICT COURT
APR 16 2014
CENTRAL DISTRICT OF CALIFORNIA
BY
DEPUTY

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

**IN THE UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

LOURDES HEREDIA, AUDREY DAVIS, MARIA RODRIGUEZ, LORRAINE GOMEZ, BARBARA ARNOLD, BARBARA CAMPBELL, DOLORES BREEN, PATRICIA PHILLIPS, NANCY VENDUR, TERRI GALL, JOYCE ROYER, AMY HUNTER, BRANDIE CHAFFIN, JANET HAMILTON, ALINA BRACCIODIETA, MICHELLE PETRILLO, KATHI PRICE, NEVA JOHNSON, MARIA MILBURY, BERTHA CEJA, SHARON GADOWSKI, DEENA SIERRA, AGNES BIELEC, MARLIS CARSON, CAROLYN GREEN, THERESA FIX, MARY SULLIVAN, MARILYN BOONE, MARY LEE BASSETT, JOANNE CZESLAWSKI, REBECCA MCVEY, PEGGY GILLENWATER, GAIL CLEMENT, MARCY DUCHARME, MARIA RIVERA, SHARON ROBINSON, KATHLEEN O'NEILL, BEATRIZ GANDARILLA, DINAH TAYLOR, DEBBIE POWELL, PATRICIA GLAZIER, RITA HURT, BETTY PATTERSON, MARSHA EDEN, VADA BIBLE, MELVA BLAIR, VIRGINIA WEHNER, BRENDA HAWKINS, EMMA CLARK, KAREN

**Case No.** SACV14-596-DOC(DFMx)

[Removal from Superior Court of California, Orange County Case No. 30-2014-00706619-CU-PL-CXC]

**NOTICE OF REMOVAL UNDER 28 U.S.C. § 1441(B) (DIVERSITY) OF DEFENDANTS JOHNSON & JOHNSON; ETHICON, INC.; AND ETHICON LLC**

State Action Filed: February 18, 2014

[Filed concurrently with Declaration of Joshua J. Wes, Notice of Related Cases, and of Pendency of Other Action or Proceeding, and Certification of Interested Parties]

FARMER, CAROLINE WRIGHT, BONNIE MCCOY, IMOGENE BATEMON, CHRISTINE CRAWFORD, STEPHANIE SMITH, SARAH DANSBY, DEATRIA COPEMAN, IRMA RAMIREZ, ROSE HILTON, VIOLET JOHNSON, SUSAN ANDERSON, ALICE HAMILTON, and GINA HAMM,

Plaintiff(s),

v.

JOHNSON & JOHNSON, a New Jersey Corporation; ETHICON, INC., a New Jersey Corporation; ETHICON LLC, a Limited Liability Company; and DOES 1 through 500, Inclusive,

Defendant(s).

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

**TO THE CLERK OF THE CENTRAL DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446, Defendants Johnson & Johnson, a New Jersey Corporation ("J&J"); Ethicon, Inc., a New Jersey Corporation ("Ethicon, Inc."); and Ethicon LLC, a Limited Liability Company ("Ethicon LLC") timely remove this pelvic mesh products liability action styled *Lourdes Heredia et al. v. Johnson & Johnson, a New Jersey Corporation et al.*, which has been filed by 63 individual plaintiffs from 22 different states, from the Superior Court of the State of California, County of Orange, to the United States District Court for the Central District of California. Plaintiffs' claims concern unspecified "Mesh Products [which] were designed primarily for the purposes of treating pelvic organ prolapse ("POP") and stress urinary incontinence ("SUI")." (Compl. ¶ 107). The implanted products could therefore be any one or a combination of the following Ethicon transvaginal mesh products: Prolift, Prolift +M, Gynemesh, Prosima, TVT, TVT-O, TVT-S, TVT-Exact, or TVT-Abbrevo.[1] On February 7, 2012, the United States Judicial Panel on Multidistrict

[1] As shown on the chart at Paragraph 24 *infra,* 56 of the 63 plaintiffs served Short Form Complaints in the Ethicon MDL identifying the following pelvic mesh products as having allegedly been implanted in them: Prolift, Prolift +M, Gynemesh, Prosima, TVT, TVT-O, TVT-S, TVT-Exact, TVT-Abbrevo, Prolene Mesh, and

Litigation ("JPML") established an MDL in the Southern District of West Virginia to coordinate the litigation of claims regarding these very same products. *See In re: Ethicon, Inc. Pelvic Repair Sys. Prods. Liab. Litig.*, 2012 WL 432533 (J.P.M.L. Feb. 7, 2012) ("Ethicon MDL"). Defendants shall promptly request that the JPML transfer this action to the Ethicon MDL pursuant to the "tag-along" procedure contained in the JPML Rules. In addition, Defendants will seek a stay in the case *sub judice* in the interests of judicial efficiency and consistency so that the MDL Court can decide the issue of remand, if it arises.

## BACKGROUND

In four other multi-plaintiff pelvic mesh cases similar to the instant suit, the Central District of California has stayed the proceedings to allow the JPML to resolve plaintiffs' objections to the Conditional Transfer Order ("CTO"), and on December 16, 2013, the JPML transferred these four suits to the Ethicon MDL.[2] These stays will ultimately allow Chief Judge Joseph R. Goodwin, the Judge presiding over the Ethicon MDL, to rule on the plaintiffs' motions to remand, which permits consistent rulings and fosters other judicial economies.[3] More recently, a multi-plaintiff pelvic mesh case removed by Defendants to the Central District under 28 U.S.C. § 1332(a) was remanded to state court. *See Robinson et al. v. Johnson & Johnson et al.*, No. 2:14-cv-00899 JGB (SPx), Doc. 32 (C.D. Cal. March 12, 2014). The court remanded *Robinson* ruling that the Ninth Circuit has not adopted the doctrine of fraudulent misjoinder recognized in the Fifth and Eleventh Circuits and that the doctrine was not applicable on the facts of that case. This removal is entirely distinguishable as Defendants herein do not rely upon the doctrine of fraudulent misjoinder. Defendants remove on the separate and distinct ground of fraudulent joinder based on jurisdictional manipulation under directly

Gynemesh PS. Those plaintiffs named in this action who did not serve Short Form Complaints may have been implanted with other pelvic mesh products manufactured by Ethicon Inc.

[2] Transfer Order, MDL 2327 (J.P.M.L. Dec. 16, 2013), attached as Exhibit A to the Declaration of Joshua J. Wes in Support of Removal, filed concurrently herewith.

[3] The arguments and legal authority set forth in Defendants' forthcoming filed Motion to Stay and Memorandum in Support are incorporated as if stated fully herein.

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

applicable United States Supreme Court and Ninth Circuit authority set forth, *infra*.

**GROUNDS FOR REMOVAL**

The United States District Court for the Central District of California has original subject matter jurisdiction of this civil action pursuant to 28 U.S.C. § 1332(a), as interpreted by authoritative decisions of the Supreme Court and the Ninth Circuit, because, notwithstanding the fraudulent joinder of two non-diverse plaintiffs under circumstances amounting to jurisdictional manipulation, there is complete diversity among all properly joined and served parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

Fraudulent joinder is an exception to the requirement of complete diversity. *See Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009). Fraudulent joinder is a term of art. *See Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). Fraudulent joinder is most commonly associated with a plaintiff's erroneous attempt to join a non-diverse defendant in a suit filed in state court against a non-resident defendant, but the fraudulent joinder bar is much more comprehensive. It is a federal jurisprudential rule that applies to any attempt – even those otherwise permissible under state law – made either by a plaintiff or by a defendant to try to manipulate jurisdiction under the diversity statute for the purpose of either creating or *destroying* diversity jurisdiction, *see Mississippi ex rel. Hood v. Au Optronics Corp.*, 134 S. Ct. 736, 745 (2014), including attempts to deprive a non-resident defendant of its federal constitutional right to elect to defend itself in federal court. *See, e.g., Wecker v. Nat'l Enameling & Stamping Co.*, 204 U.S. 176, 185-86 (1907).

Thus, the rule against fraudulent joinder applies to a wide array of artifices, including, but not limited to, those where the claims of the plaintiffs are several, not joint, and the non-diverse plaintiff has no legal right of recovery against the non-resident defendants. *See Irvine for the Use of Lumberman's Bank v. Lowry,* 39 U.S. 293 (1840) (upholding non-resident defendant's removal of multi-plaintiff suit with non-diverse plaintiff who had equitable but not legal interest in the claim of the diverse plaintiff, and

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

dismissal of the non-diverse plaintiff from the proceeding); *Witherspoon v. Bayer Healthcare Pharm. Inc.,* 2013 U.S. Dist. Lexis 163617 (E.D. Mo. Nov. 18, 2013) (upholding defendant's removal of multi-plaintiff suit with non-diverse plaintiff whose products claim was time-barred); *Foslip Pharm. Inc. v. Metabolife Int'l Inc.*, 92 F. Supp. 2d 891, 901 (N.D. Iowa 2000) (recognizing test for fraudulent joinder of a non-diverse plaintiff) (citing *Iowa Pub. Serv. Co. v. Med. Bow Coal Co.*, 556 F.2d 400 (8th Cir. 1977)).

Plaintiffs' counsel in this and other multi-plaintiff pelvic mesh cases have engaged in jurisdictional manipulation by artificially joining the claims of two New Jersey residents in this lawsuit. This attempted manipulation is self-evident because their claims are several, not joint, with the claims of the other Plaintiffs. Notably, the vast majority of these Plaintiffs have previously acknowledged and admitted in other proceedings that venue of their individual claims properly lie elsewhere. They also fail to allege that their claims against Defendants have any connection to California, and thus, they have no basis to pursue their claims against Defendants in any California court, let alone the Superior Court of California, Orange County.

In light of Plaintiffs' attempt to manipulate jurisdiction through the improper joinder of these non-diverse plaintiffs, a practice that numerous precedents of the United States Supreme Court and decisions within the Ninth Circuit clearly reject, Defendants' removal of this Complaint is proper. Because removal of a suit based on the fraudulent joinder of a non-diverse plaintiff or non-diverse defendant is permitted under 28 U.S.C. §§ 1332(a) & 1441 *et seq.* by authoritative decisions of the Supreme Court, the Ninth Circuit, and other federal circuit courts of appeals, the principle of strict construction of the Federal removal statutes does not apply to this removal. *See Breuer v. Jim's Concrete of Brevard, Inc.,* 538 U.S. 691, 697-98 (2003).

In support of removal, Defendants further state as follows:

1. On or about February 18, 2014, 63 Plaintiffs from 22 states ("Plaintiffs") filed an action styled, *Heredia et al. v. Johnson & Johnson et al.*, in the Superior Court of

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

the State of California, County of Orange, Case No. 30-2014-00706619-CU-PL-CXC. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all process, pleadings, and orders is attached to the Declaration of Joshua J. Wes in Support of Removal as Exhibit B. Plaintiffs assert claims for negligence and negligence per se; strict liability – design defect; strict liability – manufacturing defect; strict liability – failure to warn; breach of implied warranties; and gross negligence (Compl. ¶¶ 147-211.)

2. The Complaint is one of two virtually identical petitions filed on the same day by counsel of record in the Superior Court of California, County of Orange, where in each one fewer than 100 unrelated plaintiffs from around the country have joined together to try to defeat this Court's diversity jurisdiction, which is grounded in the United States Constitution, Article III, § 2, cl. 1. Their claims involve different products with different regulatory histories and labeling, different surgeons, different medical conditions, and different state laws. For no apparent reason other than to deprive these out-of-state Defendants of their ability to exercise their federal constitutional right to defend themselves in a federal district court, Plaintiffs have fraudulently joined plaintiffs from the State of New Jersey and divided their lawsuits up into separate filings in order to evade federal jurisdiction under complete diversity and the Class Action Fairness Act. *See Maria Baron et al. v. Johnson & Johnson et al.*, No. 30-2014-00706561-CU-PL-CXC, in the Superior Court of California, County of Orange, table and discussion at Paragraphs 28 and 29, *infra*.

3. Thousands of pelvic mesh product liability cases have been filed in federal district courts across the country that are based upon diversity jurisdiction and allege injuries similar to those claimed by Plaintiffs in this case, allegedly arising from the implantation of various mesh products, manufactured by multiple companies. Accordingly, in response to a Motion for Transfer filed by some of the same counsel that appear in the instant case on behalf of Plaintiffs, the JPML has established seven separate Multi-District Litigations ("MDLs"), including the Ethicon MDL discussed herein, for these claims. Discovery is proceeding in that MDL, and the first bellwether trial

concluded in February 2014. Plaintiffs here, many of whom served but did not file complaints under the CMOs of the Ethicon MDL, now apparently seek to evade this MDL and instead create a new de facto state court consolidated proceeding, even though the State of California has no connection to the overwhelming majority of Plaintiffs' claims. Based on the legal principles and authorities set out below, their attempt is insufficient to defeat Defendants' federal constitutional right to defend themselves here.

## I. REMOVAL IS PROPER BECAUSE THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. 1332(A).

4. This Court has diversity jurisdiction pursuant to 28 U.S.C. 1332(a) because this is a civil action between citizens of different states in which the amount in controversy exceeds $75,000, exclusive of interest and costs.

### A. The Amount in Controversy Requirement Is Satisfied.

5. Pursuant to 28 U.S.C. § 1446(c)(2)(B), removal is proper if the court finds, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00, exclusive of interest and costs.[4]

6. It is facially evident from the Complaint that as to each Plaintiff, the amount in controversy exceeds $75,000.00. *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373 (9th Cir. 1997). A removing defendant need only show that the amount in controversy "more likely than not" exceeds the jurisdictional minimum of $75,000.00. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). When the amount in controversy is not specified in the complaint, the court may consider the facts alleged in the complaint as well as in the notice of removal. *See Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1031 (N.D. Cal. 2002).

[4] The preponderance of the evidence standard was announced in the Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, 125 Stat. 758. According to the House Report accompanying the bill, "circuits have adopted differing standards governing the burden of showing that the amount in controversy is satisfied. The 'sum claimed' and 'legal certainty' standards that govern the amount in controversy requirement when a plaintiff originally files in Federal court have not translated well to removal, where the plaintiff often may not have been permitted to assert in state court a sum claimed or, if asserted, may not be bound by it." H.R. Rep. No. 112-10, at 15 (2011). Accordingly, "the defendants do not need to prove to a legal certainty that the amount in controversy requirement has been met. Rather, defendants may simply allege or assert that the jurisdictional threshold has been met." *Id.* at 16.

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

7. Plaintiffs allege that each one has suffered "severe injuries and damages" and has "sustained in the past, and will sustain in the future, pain and suffering, mental anguish, emotional distress, disfigurement, physical impairment, embarrassment and humiliation, psychological injury, a reasonable and traumatic fear of an increased risk of additional injuries, progression of existing conditions, and other serious injury and loss." (Compl. ¶¶ 133, 140.) They seek damages for past and future medical expenses, as well as lost wages, lost earning capacity, and other damages. (Compl. ¶¶ 141-142, 215.)

8. It is plain based on these allegations that the amount in controversy exceeds the $75,000 jurisdictional threshold. *See, e.g., In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 296 (S.D.N.Y. 2001) (finding that a complaint alleging various injuries from taking a prescription drug "obviously asserts a claim exceeding $75,000"). *See, e.g., McPhail v. Deere Co.*, 529 F.3d 947, 955 (10th Cir. 2008) (citing *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (amount in controversy established by "alleged damages for property, travel expenses, and emergency ambulance trip, a six day stay in the hospital, pain and suffering, humiliation and her temporary inability to do housework.")).

9. In addition, Plaintiffs seek punitive or exemplary damages and attorneys' fees. (Compl. ¶¶ 216, 217, and Prayer.) "It is well established that punitive damages are part of the amount in controversy in a civil action." *Gibson v. Chrysler Corp.,* 261 F.3d 927, 945 (9th Cir. 2001).

10. Other cases brought by plaintiffs alleging similar severe pain, infection, and corrective surgeries have resulted in verdicts in excess of $75,000.00, exclusive of interest and costs. (Wes Decl. ¶ 4, Exhibits C and D.) Given the similarity between the injuries alleged in other cases and the injuries alleged by Plaintiffs here, and based on defense counsel's experience defending products liability actions, it is facially evident from the Complaint that each Plaintiff has placed in excess of $75,000.00 in controversy, exclusive of interest and costs. (*Id.*)

11. Thus, on the face of Complaint, the amount in controversy for each Plaintiff exceeds $75,000, exclusive of interest and costs, and this jurisdictional requirement is satisfied.

**B. Complete Diversity Of Citizenship Exists Between Defendants and the Properly Joined Plaintiffs.**

12. For purposes of determining its citizenship under 28 U.S.C. § 1332(c)(1), Defendant Johnson & Johnson is a citizen of the State of New Jersey because it is incorporated in the State of New Jersey and has its principal place of business in New Brunswick, New Jersey. (Wes Decl. ¶ 6)

13. For purposes of determining its citizenship under 28 U.S.C. § 1332(c)(1), Defendant Ethicon, Inc. is a citizen of the State of New Jersey because it is incorporated in the State of New Jersey and has its principal place of business in Somerville, New Jersey. (Wes Decl. ¶ 7)

14. The citizenship of the John Doe defendants shall not be considered for purposes of determining diversity jurisdiction, as these are fictitious defendants. *See* 28 U. S.C. § 1441(b) ("[i]n determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.").

15. Notice Pursuant to FED. R. CIV. P. 44.1 of the Applicability of Foreign Law with Respect to the Citizenship of the Members of Ethicon LLC: Defendant, Ethicon LLC, is, and was at the time the state action was commenced, a limited liability company organized under the laws of the State of Delaware. (Wes Decl. ¶ 8) For purposes of determining the citizenship of Ethicon LLC, it is a citizen of each state of which its members are citizens. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894 (9th Cir. 2006). The sole member of Ethicon LLC is Ethicon PR Holdings. Ethicon PR Holdings is, and was at the time the state action was commenced, a Private Unlimited Company organized under the laws of Ireland with its principal place of business in County Cork, Ireland. (Wes Decl. ¶ 8) The laws of Ireland apply to whether Ethicon PR

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

Holdings is a juridical entity. *See Stiftung v. Plains Marketing, L.P.,* 603 F.3d 295, 298-99 (5th Cir. 2010); *Baja Dev. LLC v. TSD Loreto Partners*, No. 09-756, 2010 WL 1758242, *4 (D. Ariz., Apr. 30, 2010). Pursuant to Section 18.2 of The Companies Act, 1963 of the Republic of Ireland; *Salomon v. A. Salomon & Co Ltd.,* [1897] A.C. 22, and *Foss v. Harbottle,* 2 Hare 461, 67 E.R. 189 (1843), Ethicon PR Holdings is a juridical entity under the laws of Ireland that is entitled to sue and be sued in its own name.

16. The 63 Plaintiffs listed in the Complaint are citizens of 22 different states: Alabama, Arkansas, California, Florida, Georgia, Idaho, Indiana, Iowa, Kansas, Kentucky, Michigan, Minnesota, Mississippi, New Jersey, New Mexico, New York, North Carolina, Ohio, Oklahoma, Pennsylvania, Texas, and Virginia. (Compl. ¶¶ 4-66.) Out of these 63 Plaintiffs, only 2 are alleged to be citizens of the State of New Jersey. (Compl. ¶¶ 5, 19.)

17. As explained below, the two New Jersey Plaintiffs are fraudulently joined for the purpose of manipulating jurisdiction and attempting to deprive Defendants of their federal constitutional right to defend themselves in federal court. Accordingly, their presence should be ignored for purposes of federal jurisdiction, and their claims should be severed and remanded to California state court.

**C. Joining Two New Jersey Plaintiffs in the Complaint Is a Sham That Constitutes Improper Jurisdictional Manipulation, and Does Not Deprive Defendants of Their Right of Removal to Federal District Court Under 28 U.S.C § 1332(a).**

18. Congress first implemented the Federal constitutional grant of diversity jurisdiction by its passage of the Judiciary Act of 1789, 1 Stat. 78, 11. The federal courts have had jurisdiction over suits between citizens of different states ever since. The Act of March 3, 1875, § 1, 18 Stat. 470, first established the language found today in 28 U.S.C § 1332(a). Plaintiffs have been attempting to deprive defendants of their federal right of removal of actions filed in state court ever since, but the United States Supreme Court has adopted judicial tools such as the prohibition against jurisdictional manipulation and the doctrine of fraudulent joinder to prevent those efforts.

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

19. In *Alabama Great Southern Railway v. Thompson,* 200 U.S. 206, 213-17 (1906), the Supreme Court reviewed several prior decisions and reaffirmed the principle held that a plaintiff's personal injury suit for negligence brought against joint tortfeasors in one suit was not removable by a non-resident defendant railroad as a separable controversy so long as the plaintiff had a colorable right of recovery against the defendant in-state employees of the railroad for their alleged acts of negligence in their capacity as the engineer and conductor of the train that killed the intestate of the plaintiff. When doing so, the Supreme Court went on to explain:

> It is to be remembered that we are not now dealing with joinders, which are shown by the petition for removal, or otherwise, to be attempts to sue in the state courts with a view to defeat Federal jurisdiction. In such cases entirely different questions arise, and the Federal courts may and should take such action as will defeat attempts to wrongfully deprive parties entitled to sue in the Federal courts of the protection of their rights in those tribunals.
>
> In the present case there is nothing in the questions propounded which suggests an attempt to commit a fraud upon the jurisdiction of the Federal courts.

200 U.S. at 218.

20. In its very next term, the Supreme Court quoted the foregoing language from *Thompson* with approval, *see Wecker v. Nat'l Enameling & Stamping Co.*, 204 U.S. 176, 183 (1907), and it reaffirmed the principle that federal trial courts must not tolerate improper practices or devices that attempt to manipulate a non-resident defendant's legal right to be sued in federal court:

> While the plaintiff, in good faith may proceed in the state courts upon a cause of action which he alleges to be joint, it is equally true that the *Federal courts should not sanction devices intended to prevent a removal to a Federal court where one has that right,* and should be equally vigilant to protect the right to proceed in the Federal court as to permit the state courts, in proper cases, to retain their own jurisdiction.

*Wecker v. Nat'l Enameling & Stamping Co.*, 204 U.S. 176, 185-86 (1907) (emphasis added); *see also Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 397 & n.2 (1981) (recognizing "'defendant's right to a federal forum'") (quoting 14 C. WRIGHT, A. MILLER, & E. COOPER, *Federal Practice and Procedure* § 3722, at pp. 564-66 (1976));

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

*Carpenter v. Wichita Falls I.S.D.*, 44 F.3d 362, 366 (5th Cir. 1995) (recognizing "defendant's right to remove" a federal question case); *Baldwin v. Sears, Roebuck & Co.*, 667 F.2d 458, 459 (5th Cir. 1982) ("28 U.S.C. § 1441 creates a broad right of removal.").

21. The inclusion or designation of a party to a suit "although fair on its face, may be shown by a petition for removal to be only a sham or fraudulent device to prevent a removal; but the showing must consist of a statement of facts rightly leading to that conclusion apart from the pleader's deductions." *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97-98 (1921). Without limitation, this means that Defendants' "right of removal" cannot be defeated by the fraudulent joinder of a party "having no real connection with the controversy." *Chesapeake & O. R. Co. v. Cockrell*, 232 U.S. 146, 152 (1914); *see also Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 598 (9th Cir. 1996) ("there is no more reason for federal courts to countenance destruction of jurisdiction by the use of straw parties than there is for them to countenance the creation of jurisdiction in that manner.").

22. The Supreme Court does not permit either plaintiffs or defendants to engage in manipulative attempts to create or to defeat the diversity jurisdiction of the federal district courts. The Supreme Court and the federal appellate courts have, rather, consistently disregarded and struck down, for diversity jurisdiction purposes, manipulative artifices such as (1) the plaintiff's improper attempt to realign a party for the purpose of both creating or defeating diversity, *see City of Indianapolis v. Chase Nat'l Bank,* 314 U.S. 63 (1941) (realignment of defendant as plaintiff and remanding suit to state court based on lack of diversity post-realignment); *City of Vestavia Hills v. Gen. Fid. Ins. Co.,* 676 F.3d 1310 (11th Cir. 2012) (realignment of defendant as plaintiff after removal and denying the plaintiff's motion to remand for lack of diversity as subject matter jurisdiction existed after realignment); (2) the filing of non-binding stipulations, *see Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1350 (2013); (3) permissible but nonetheless sham practices, *see Hertz Corp. v. Friend,* 559 U.S. 77, 97 (2010); or (4) the naming of nominal parties, *Navarro Savings Ass'n v. Lee,* 446 U.S. 458, 460, 461 (1980).

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

The Court has never suggested that a federal court's power to protect its diversity jurisdiction is limited to detecting and defeating these particular artifices. *See Wecker v. Nat'l Enameling & Stamping Co.*, 204 U.S. 176, 185-86 (1907); *Gentle v. Lamb-Weston*, 302 F. Supp. 161, 165 (N.D. Me. 1969) ("[S]ince 1887 the [U.S. Supreme] Court has condemned similar practices in a way which makes it clear that the federal courts should be alert to protect their jurisdiction against cleverly-designed maneuvers designed by ingenious counsel to defeat it"). The Ninth Circuit has also explained that those joinders that are "unilateral attempts to destroy the federal courts' diversity jurisdiction over matters that the courts [are] in a suitable position to decide," require that "a trial court should look with particular care at such motive in removal cases . . . ." *Desert Empire Bank v. Ins. Co. of N. Amer.*, 623 F.2d 1371, 1376-77 (9th Cir. 1980) (citing with approval *Carter v. Seaboard C.R.R.*, 318 F. Supp. 368, 372-73 (D.S.C. 1970) (claims of sham joinder to defeat diversity apply to misjoinder of plaintiffs as well as defendants)).

23. The principle that the plaintiff is the master of her complaint is not a talisman that deprives Defendants of their Constitutionally-backed, Congressionally-sanctioned right of removal. As explained below, the joining of the two New Jersey plaintiffs in this proceeding is the precise type of manipulative artifice that numerous precedents of the United States Supreme Court prohibit.

24. The *Heredia* Complaint is a clear example of the very type of "sham" pleading federal courts have consistently disregarded in evaluating the propriety of federal subject matter jurisdiction. *See Irvine for the Use of Lumberman's Bank v. Lowry*, 39 U.S. 293 (1840). Here, the claims of the 63 Plaintiffs against Defendants are severable and not joint: each Plaintiff alleges a separate claim against Defendants based on an entirely different set of facts. Plaintiffs' claims each involve different products each having, among other things, a unique regulatory history and label, different surgeons, different medical conditions, and different state laws. Indeed, 56 of the 63 Plaintiffs had already served their own Short-Form Complaints on Defendants in the Ethicon MDL. In those Plaintiffs' Short Form Complaints, they were called upon to state

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

the proper venue for their action. *Only two* of the out-of-state Plaintiffs named California.

| | Plaintiff | Alleged State of Residency | Proper Venue Per MDL Complaint | Place of Implant |
|---|---|---|---|---|
| 1 | Gomez, Lorraine | Florida | NDOH, Eastern | Ohio |
| 2 | Arnold, Barbara | Texas | EDTX, Beaumont | Texas |
| 3 | Campbell, Barbara | Alabama | NDAL, Southern | Alabama |
| 4 | Breen, Dolores | New Mexico | DNM, Santa Fe | New Mexico |
| 5 | Phillips, Patricia | North Carolina | EDNC, Western | North Carolina |
| 6 | Vendur, Nancy | Florida | MDFL, Jacksonville | Florida |
| 7 | Gall, Terri | Minnesota | DMN, Fergus Falls | Minnesota |
| 8 | Royer, Joyce | Virginia | WDVA, Roanoke | Virginia |
| 9 | Hunter, Amy | Iowa | DIA, Western | Iowa |
| 10 | Chaffin, Brandie | Virginia | EDVA, Richmond | Virginia |
| 11 | Hamilton, Janet | Texas | SDTX, Galveston | Texas |
| 12 | Petrillo, Michelle | New Jersey | DNJ, Newark | New Jersey |
| 13 | Price, Kathi | Virginia | EDTN, Northeastern | Tennessee |
| 14 | Johnson, Neva | North Carolina | WDNC, Asheville | North Carolina |
| 15 | Milbury, Maria | Florida | SDFL, Miami | Florida |
| 16 | Ceja, Bertha | California | SDCA, San Diego | California |
| 17 | Gadowski, Sharon | Ohio | WDPA, Pittsburgh | Pennsylvania (TVT) Ohio (TVT-S) |
| 18 | Sierra, Deena | North Carolina | MDNC, Greensboro | North Carolina |
| 19 | Bielec, Agnes | Florida | EDMI, Detroit | Michigan |
| 20 | Carson, Marlis | Idaho | DOR, Portland | Oregon |
| 21 | Green, Carolyn | Virginia | EDVA, Newport News | Virginia |
| 22 | Fix, Theresa | Pennsylvania | SDFL, Key West | Florida |
| 23 | Sullivan, Mary | Virginia | EDVA, Richmond | Virginia |
| 24 | Boone, Marilyn | Virginia | EDVA, Norfolk | Virginia |
| 25 | Bassett, Mary Lee | Virginia | EDVA, Newport News | Virginia |
| 26 | Czeslawski, Joanne | Florida | MDFL, Ft. Myers | Florida |
| 27 | Gillenwater, Peggy | Florida | MDFL, Tampa | Florida |
| 28 | Clement, Gail | Minnesota | DMN, Duluth | Minnesota |
| 29 | Ducharme, Marcy | Iowa | SDIA, Western | Iowa |
| 30 | Rivera, Maria | California | CDCA, Eastern | California |
| 31 | Robinson, Sharon | Alabama | SDAL, Mobile | Alabama |
| 32 | O'Neill, Kathleen | New York | WDNY, Buffalo | New York |
| 33 | Gandarilla, Beatriz | Georgia | NDGA, Rome | Georgia |
| 34 | Powell, Debbie | Arkansas | EDAR, Western | Arkansas |
| 35 | Glazier, Patricia | Virginia | EDVA, Richmond | Virginia |
| 36 | Hurt, Rita | Virginia | EDVA, Richmond | Virginia |

| | | | | |
|---|---|---|---|---|
| 37 | Patterson, Betty | Alabama | NDAL, Northeastern | Alabama |
| 38 | Eden, Marsha | Oklahoma | WDOK | Oklahoma |
| 39 | Bible, Vada | Virginia | WDVA, Harrisonburg | Virginia |
| 40 | Blair, Melva | Oklahoma | NDOK | Oklahoma |
| 41 | Wehner, Virginia | Ohio | SDOH, Columbus | Ohio |
| 42 | Clark, Emma | Virginia | EDTN, Northeastern | Tennessee |
| 43 | Farmer, Karen | Kansas | DKS, Wichita-Hutchinson | Kansas |
| 44 | Wright, Caroline | Alabama | SDAL, Mobile | Alabama |
| 45 | McCoy, Bonnie | Virginia | WDVA, Roanoke | Virginia |
| 46 | Batemon, Imogene | Alabama | NDAL, Southern | Alabama |
| 47 | Crawford, Christine | Indiana | NDIL, Eastern | Illinois |
| 48 | Dansby, Sarah | Alabama | MDAL, Southern | Alabama |
| 49 | Copeman, Deatria | Michigan | WDMI, Southern | Michigan |
| 50 | Ramirez, Irma | Michigan | EDMI, Ann Arbor | Michigan |
| 51 | Johnson, Violet | Alabama | NDAL, Southern | Alabama |
| 52 | Anderson, Susan | Virginia | EDVA, Richmond | Virginia |
| 53 | Hamilton, Alice | Indiana | SDIN, Terre Haute | Indiana |
| 54 | Hamm, Gina | Indiana | SDIN, New Albany | Indiana |
| 55 | Rodriguez, Maria | Florida | MDFL, Orlando | Florida |
| 56 | McVey, Rebecca | Mississippi | NDMS, Aberdeen | Mississippi |

25. As these Short Form Complaints show, each Plaintiff has her own individual "case or controversy" against Defendants, *see* U.S. Const. art. III, § 2, cl. 1, and each Plaintiff is the real party in interest for her individual claims. *See* Fed. R. Civ. 17. A named non-diverse plaintiff who is not a real party in interest to the claim asserted by the lead plaintiff against the non-resident defendant may be dismissed from the action even though the non-diverse plaintiff may have an interest in the outcome of the proceeding. *See Irvine for the Use of Lumberman's Bank v. Lowry,* 39 U.S. 293 (1840); *Lincoln Prop. Co. v. Roche,* 546 U.S. 81, 92 (2005) (noting parties lacking interest in suit may be discounted for diversity purposes where "'improperly or collusively' named solely to create federal jurisdiction [] or to defeat it") (internal citations omitted). Put differently, no plaintiff listed in the *Heredia* Complaint has standing to prosecute the alleged claims of any other plaintiff named in the Complaint. Equally important, the removal of Plaintiffs' suit from state court to the Central District of California does not deprive any plaintiff of any substantive state law claim or remedy that she has against Defendants, and the dismissal of the non-diverse plaintiffs will not prejudice the ability of any

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

plaintiff to pursue her claims against Defendants, while upholding the non-resident Defendants' federal constitutional right to be in federal court. *See Byrd v. Blue Ridge Rural Elec. Coop., Inc.*, 356 U.S. 525 (1958). Thus, no plaintiff is a formal or necessary party to the claims brought on behalf of any other plaintiff named in the *Heredia* Complaint, and the citizenship of any such plaintiff may be disregarded, including the citizenship of the New Jersey plaintiffs. *See Irvine for the Use of Lumberman's Bank v. Lowry*, 39 U.S. 293 (1840); *Lee v. Lehigh Valley Coal Co.*, 267 U.S. 542, 543 (1925) (Holmes, J.).

26. To the extent that their separate claims may be joined under the California or Federal Rules of Civil Procedure into a single proceeding, those procedural rules of joinder of parties "do not extend or limit" the subject matter jurisdiction of the Federal district courts. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 90 (2005) (noting that the Federal Rules of Civil Procedure addressing the rights of parties "to name and join any additional parties . . . address party joinder, not subject matter jurisdiction") (citing Fed. R. Civ. Pro. 82, which provides that "[The Federal Rules of Civil Procedure] shall not be construed to extend or limit the jurisdiction of the United States district courts . . . ."). Thus, any such procedural rules must yield to the federal constitutional right of the non-resident defendant to elect to defend itself in federal court as permitted by 28 U.S.C. § 1332(a), when as here the Complaint alleges no facts that show or even suggest that the claims of the New Jersey plaintiffs have any substantive nexus with the State of California or its state courts.

27. In this case, plaintiffs whose actions have no connection whatsoever to the State of California are abusing the procedural mechanism of permissive joinder to file a suit they could not likely have filed individually under the doctrine of *forum non conveniens*. *See Stangvik v. Shiley, Inc.*, 54 Cal.3d 744, 753 (Cal. 1991) (explaining that "a foreign plaintiff's choice deserves less deference than the choice of a resident"). This runs counter to the well-settled principle set forth above that procedural rules addressing permissive joinder may not be used to limit the Congressional grant of diversity

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

jurisdiction found in 28 U.S.C. § 1332(a). *See* Advisory Comm. Note, FED. R. CIV. P. 20 (1937) ("The provisions of this rule for the joinder of parties are subject to Rule 82."); FED. R. CIV. 82 ("These rules do not extend or limit the jurisdiction of the district courts or the venue of actions in those courts."). Indeed, when "a Federal court is properly appealed to in a case over which it has by law jurisdiction, it is its *duty* to take such jurisdiction." *England v. Louisiana State Bd. of Med. Exam'rs*, 375 U.S. 411, 415 (1964) (emphasis added) (quoting *Willcox v. Consolidated Gas Co.*, 212 U.S. 19, 40 (1909)). Or, as the Supreme Court put it on another occasion, federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 821 (1976); *see also Gentle v. Lamb-Weston*, 302 F. Supp. 161, 165 (N.D. Me. 1969) ("[S]ince 1887 the [U.S. Supreme] Court has condemned similar practices in a way which makes it clear that the federal courts should be alert to protect their jurisdiction against cleverly-designed maneuvers designed by ingenious counsel to defeat it").

28. Plaintiffs' counsel's effort to manipulate the jurisdiction of this court is further demonstrated by the crafting of their two companion cases with identical complaints filed in Orange County Superior Court on the same day to evade the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). These same Plaintiffs' counsel also filed two companion cases with identical complaints in Los Angeles Superior Court just days before the Orange County Complaints were filed. These four complaints are listed in the table below and in Defendants' Notice of Related Cases and Pendency of Other Action or Proceeding filed concurrently herewith.

///

///

///

///

///

///

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

17

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(B) (DIVERSITY)

987155.2

| Case Name | Number of plaintiffs | Date of filing | Superior Court Case No. | Central District Case No. |
|---|---|---|---|---|
| *Baron et al. v. Johnson & Johnson, Ethicon, Inc. et al.* | 95 | 2/18/2014 | 30-2014-00706561-CU-PL-CXC (Orange County) | To Be Assigned |
| *Heredia et al. v. Johnson & Johnson, Ethicon, Inc. et al.* | 63 | 2/18/2014 | 30-2014-00706619-CU-PL-CXC (Orange County) | To Be Assigned |
| *Rappuchi et al. v. Johnson & Johnson, Ethicon, Inc. et al.* | 94 | 2/13/2014 | BC536366 (Los Angeles County) | To Be Assigned |
| *Vasquez et al. v. Johnson & Johnson, Ethicon, Inc. et al.* | 95 | 2/13/2014 | BC536448 (Los Angeles County) | To Be Assigned |

29. CAFA gives federal district courts jurisdiction over a "civil action . . . in which monetary claims for relief of 100 or more persons are proposed to be tried jointly on the grounds that the plaintiffs' claims involve common questions of law or fact . . . ." *See* 28 U.S.C. § 1332(d)(11)(B)(i). In *Baron* and *Heredia*, 158 plaintiffs brought suit with identical complaints filed by the same attorneys in Orange County Superior Court, on the same day. In *Rappuchi* and *Vasquez*, 189 plaintiffs brought suit with identical complaints filed by the same attorneys in Los Angeles Superior Court, on the same day. For no other reason than to manipulate the court's jurisdiction and evade CAFA, these sets of 158 plaintiffs and 189 plaintiffs have separated their complaints into separate actions. That plaintiffs' counsel artificially separated these plaintiffs' claims into separate actions to manipulate the jurisdiction of this court is further demonstrated by the fact that plaintiffs filed Notices of Related Cases in Orange County Superior Court relating *Baron* and *Heredia* and in Los Angeles Superior Court relating *Rappuchi* and *Vasquez*. *See* Notices of Related Cases, attached as Exhibit E to the Declaration of Joshua J. Wes, filed concurrently herewith. The relation is identified by plaintiffs' counsel as: (i) involves the same parties and is based on the same or similar claims; (ii)

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact; and (iii) is likely for other reasons to require substantial duplication of judicial resources if heard by different judges. *Baron* and *Heredia* have since been assigned to a single Orange County Superior Court judge. *Id.* at ¶ 8. At the time of removal, the Los Angeles Superior Court had not yet acted on the *Rappuchi* and *Vasquez* Notices of Related Cases. *Id.* It is therefore apparent that plaintiffs have crafted their complaints to manipulate the diversity jurisdiction of this court.

30.    Under the authoritative decisions of the Supreme Court such as *Irvine, Thompson, Wecker, Hood,* and their progeny, the citizenship of the two New Jersey plaintiffs should be disregarded because of the other 61 plaintiffs' attempt to defeat this Court's original subject matter jurisdiction under 28 U.S.C. 1332(a). Accordingly, this Court should sever the two New Jersey plaintiffs from these proceedings. *See* Fed. R. Civ. Pro. 21 ("On motion or own its own, the court may at any time, on just terms, add or drop a party.") "[I]t is well settled that Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time. . . ." *Newman–Green, Inc. v. Alfonzo–Larrain*, 490 U.S. 826, 832 (1989) ("Almost every modern Court of Appeals faced with this issue has concluded that it has the authority to dismiss a dispensable nondiverse party by virtue of Rule 21. . . . Furthermore, we have ourselves exercised a similar authority under Rule 21."); *see Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1154 (9th Cir. 1998) (stating that a district court may dismiss a nondiverse, dispensable plaintiff "as long as doing so does not prejudice the remaining parties"). Thus, the District Court clearly has the authority to sever the New Jersey plaintiffs under Fed. R. Civ. P. Rules 20 and 21 on the grounds that they have been improperly joined and their citizenship shall therefore not be considered for purposes of determining whether diversity jurisdiction exists.

31.    Accordingly, this Court should disregard the citizenship of the two New Jersey Plaintiffs under the fraudulent joinder jurisprudence of the Supreme Court. The

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

Court should sever the non-diverse Plaintiffs' cases and remand them to state court while exercising jurisdiction over the overwhelming majority of Plaintiffs who *are* diverse from Defendants. Alternatively, the Court can stay the action and let the MDL Court address any severance and remand after transfer of this case to MDL No. 2327.

## II. DEFENDANTS HAVE SATISFIED THE PROCEDURAL AND VENUE REQUIREMENTS FOR REMOVAL.

32. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon J&J, Ethicon, Inc., and Ethicon LLC are attached as Exhibit B to the Declaration of Joshua J. Wes.

33. Orange County, California, is located within the Central District of California, Southern Division, see 28 U.S.C. § 84(c)(2), and, venue for this action is proper in this Court under 28 U.S.C. § 1441(a) because the Central District of California, Southern Division, is the "district and division embracing the place where such action is pending."

34. J&J was served with a copy of the Complaint on March 18, 2014; Ethicon, Inc. was served with a copy of the Complaint on March 17, 2014; and Ethicon LLC was served with a copy of the Complaint on March 21, 2014. Therefore, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b).

35. No previous application has been made for the relief requested herein.

36. Immediately following the filing of this Notice of Removal, written notice of the filing of this Notice will be delivered to Plaintiffs' counsel, as required by 28 U.S.C. § 1446(d).

37. J&J, Ethicon, Inc., and Ethicon LLC will promptly file a copy of this Notice with the Clerk of Court in the Superior Court of the State of California, County of Orange, as required by 28 U.S.C. § 1446(d).

38. By removing this action to this Court, J&J, Ethicon, Inc., and Ethicon LLC do not waive any defenses, objections, or motions available under state or federal law. J&J, Ethicon, Inc., and Ethicon LLC expressly reserve the right to move for dismissal of some or all of Plaintiffs' claims pursuant to Rule 12 of the Federal Rules of Civil

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

Procedure and/or seek dismissal on grounds lack of personal jurisdiction, improper venue, or under the doctrine of *forum non conveniens*.

WHEREFORE, J&J, Ethicon, Inc., and Ethicon LLC give notice that the matter bearing civil action number 30-2014-00706619-CU-PL-CXC in the Superior Court of the State of California, County of Orange, is removed to this Court pursuant to 28 U.S.C. § 1441 *et seq.* Defendants request that this Court retain jurisdiction for all further proceedings in this matter until such time as it is transferred to the Ethicon MDL.

DATED: April 16, 2014

Tucker Ellis LLP

By: /s/ Joshua J. Wes

Joshua J. Wes
Attorneys for Defendants
JOHNSON & JOHNSON; ETHICON, INC.; AND ETHICON LLC

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

TUCKER ELLIS & WEST LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

**CERTIFICATE OF SERVICE**

I, Cynthia M. Harris, declare that I am a citizen of the United States and a resident of Los Angeles, California or employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Tucker Ellis LLP, 515 South Flower Street, Forty-Second Floor, Los Angeles, California 90071-2223.

On **April 16, 2014**, I served the following: **NOTICE OF REMOVAL UNDER 28 U.S.C. § 1441(B) (DIVERSITY) OF DEFENDANTS JOHNSON & JOHNSON; ETHICON, INC.; AND ETHICON LLC** on the interested parties in this action by:

(X) **ELECTRONICALLY VIA ECF:** the above-entitled document to be served electronically through the United States District Court, Central District ECF website, addressed to all parties appearing on the Court's ECF service list. A copy of the "Filing Receipt" page will be maintained with the original document in our office.

(X) **U. S. MAIL:** I placed a copy in a separate envelope, with postage fully prepaid, addressed as follows:

Mark P. Robinson, Jr., Esq.
Karen Barth Menzies, Esq.
Daniel S. Robinson, Esq.
Shannon Lukei, Esq.
Amanda Robinson, Esq.
ROBINSON CALCAGNIE ROBINSON SHAPIRO DAVIS, INC.
19 Corporate Plaza Dr.
Newport Beach, CA 92660
***Attorneys for Plaintiffs***

Clayton A. Clark, Esq.
Scott A. Love, Esq.
CLARK, LOVE & HUTSON, G.P.
440 Louisiana Street, Suite 1600
Houston, TX 77002
***Attorneys for Plaintiffs***

for collection and mailing on the below indicated day following the ordinary business practices at Tucker Ellis LLP. I certify I am familiar with the ordinary business practices of my place of employment with regard to collection for mailing with the United States Postal Service. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit or mailing affidavit.

(X) I declare that I am employed in the office of the Bar of this Court at whose direction the service was made.

Executed on **April 16, 2014**, at Los Angeles, California

/s/ Cynthia M. Harris

CYNTHIA M. HARRIS

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge David O. Carter and to Magistrate Judge Douglas F. McCormick.

The case number on all documents filed with the Court should read as follows:

**SACV14-596-DOC (DFMx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the assigned Magistrate Judge has been designated to hear discovery-related motions. All discovery-related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

April 16, 2014
Date

By MDAVIS
Deputy Clerk

---

**ATTENTION**

*A copy of this Notice must be served on all parties served with the Summons and Complaint (or, in cases removed from state court, on all parties served with the Notice of Removal) by the party who filed the Complaint (or Notice of Removal).*

COPY

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL COVER SHEET**

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )
Lourdes Heredia, et al.

**DEFENDANTS** ( Check box if you are representing yourself ☐ )
Johnson & Johnson, Ethicon, Inc., Ethicon, LLC, and Does 1 through 500

(b) County of Residence of First Listed Plaintiff Orange
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant Middlesex County, New Jersey
*(IN U.S. PLAINTIFF CASES ONLY)*

(c) Attorneys (*Firm Name, Address and Telephone Number*) If you are representing yourself, provide the same information.
Mark P. Robinson, Jr., Esq.
Karen Barth Menzies, Esq.
Daniel S. Robinson, Esq.
ROBINSON CALCAGNIE ROBINSON SHAPIRO DAVIS, INC.
19 Corporate Plaza Dr.
Newport Beach, CA 92660
949-720-1288 (Attorneys for Plaintiffs)

Attorneys (*Firm Name, Address and Telephone Number*) If you are representing yourself, provide the same information.
Mollie F. Benedict, Esq.
Joshua J. Wes, Esq.
Lauren H. Bragin, Esq.
TUCKER ELLIS LLP
515 S. Flower Street, 42nd Floor
Los Angeles, CA 90071
213-430-3400 (Attorneys for Defendant Ethicon, Inc)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- ☐ 1. U.S. Government Plaintiff
- ☐ 3. Federal Question (U.S. Government Not a Party)
- ☐ 2. U.S. Government Defendant
- ☒ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1. Original Proceeding ☒ 2. Removed from State Court ☐ 3. Remanded from Appellate Court ☐ 4. Reinstated or Reopened ☐ 5. Transferred from Another District (Specify) ☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No ☐ **MONEY DEMANDED IN COMPLAINT:** $ ________

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
This is a civil action between diverse parties and is removable under 28 U.S.C. Sections 1332, 1441, and 1446.

**VII. NATURE OF SUIT** (Place an X in one box only).

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/Etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced & Corrupt Org.
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Info. Act
- ☐ 896 Arbitration
- ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.)
- ☐ 153 Recovery of Overpayment of Vet. Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment

**REAL PROPERTY CONT.**
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Fed. Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury-Med Malpratice
- ☒ 365 Personal Injury-Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**TORTS PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accomodations
- ☐ 445 American with Disabilities-Employment
- ☐ 446 American with Disabilities-Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus/Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Ret. Inc. Security Act

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405 (g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405 (g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS-Third Party 26 USC 7609

**FOR OFFICE USE ONLY:** Case Number: SACV14-596

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A: Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| ☒ Yes ☐ No | ☐ Los Angeles | Western |
| If "no," go to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☒ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| Question B: Is the United States, or one of its agencies or employees, a party to this action? | If the United States, or one of its agencies or employees, is a party, is it: A PLAINTIFF? Then check the box below for the county in which the majority of DEFENDANTS reside. | A DEFENDANT? Then check the box below for the county in which the majority of PLAINTIFFS reside. | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| ☐ Yes ☐ No | ☐ Los Angeles | ☐ Los Angeles | Western |
| If "no," go to Question C. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☐ Ventura, Santa Barbara, or San Luis Obispo | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | ☐ Riverside or San Bernardino | Eastern |
| | ☐ Other | ☐ Other | Western |

| Question C: Location of plaintiffs, defendants, and claims? (Make only one selection per row) | A. Los Angeles County | B. Ventura, Santa Barbara, or San Luis Obispo Counties | C. Orange County | D. Riverside or San Bernardino Counties | E. Outside the Central District of California | F. Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of defendants reside: | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of claims arose: | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

**C.1. Is either of the following true? If so, check the one that applies:**

☐ 2 or more answers in Column C

☐ only 1 answer in Column C and no answers in Column D

Your case will initially be assigned to the SOUTHERN DIVISION. Enter "Southern" in response to Question D, below.

If none applies, answer question C2 to the right. ➡

**C.2. Is either of the following true? If so, check the one that applies:**

☐ 2 or more answers in Column D

☐ only 1 answer in Column D and no answers in Column C

Your case will initially be assigned to the EASTERN DIVISION. Enter "Eastern" in response to Question D, below.

If none applies, go to the box below. ⬇

Your case will initially be assigned to the WESTERN DIVISION. Enter "Western" in response to Question D below.

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above: ➡ | Southern |

American LegalNet, Inc.
www.FormsWorkFlow.com

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**IX(a). IDENTICAL CASES:** Has this action been previously filed **in this court** and dismissed, remanded or closed? ☒ NO ☐ YES

If yes, list case number(s):

**IX(b). RELATED CASES:** Have any cases been previously filed **in this court** that are related to the present case? ☐ NO ☒ YES

If yes, list case number(s): 2:13-CV-6284 JGB (SPx); 2:13-CV-6285 JGB (SPx); 2:13-CV-6288 JGB (SPx); 2:13-CV-6289 JGB (SPx); 2:14-CV-899 JGB (SPx)

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)
☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☒ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** /s/ Joshua J. Wes DATE: April 16, 2014

Joshua J. Wes (SBN 238541)

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

American LegalNet, Inc.
www.FormsWorkFlow.com